IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JORDAN WALL and
CRYSTAL WALL                                                    PLAINTIFFS

v.                         No.   4:14-cv-343-DPM

BANK OF AMERICA, N.A.                                           DEFENDANT

PROTECTIVE ORDER

The parties agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents in electronic format) that may be discovered or offered into evidence at trial. The Court orders as follows:

1. **Confidential Information.** All documents, materials, or any other information generated, produced, disclosed or exchanged during pre-trial discovery, whether by a party or a non-party, including, but not limited to, the following categories, shall be referred to as "Confidential Information":

   A. Personal records relating to any current or former employees of Bank of America, N.A.;

   B. All financial documents (*e.g.*, bank account records) relating to Jordan Wall and Crystal Wall and any current or former employees of Bank of America;

C. The social security numbers of the Walls and any current or former employees of Bank of America;

D. All non-public information or documents relating to Bank of America's financial condition;

E. All screen shots taken from Bank of America's computer system;

F. All communications and correspondence between the Walls and Bank of America;

G. All policies, procedures, or other documents addressing the practices, policies, or procedures of Bank of America's operations; and

H. Any proprietary business information, confidential business information, or trade secrets.

2. **Designation of Confidential Information.** Documents shall be designated as Confidential Information by stamping them with the word "CONFIDENTIAL" in a manner that will not interfere with their legibility. This designation shall only be used in a reasonable fashion and upon a good faith determination by counsel that a particular document contains non-public information and falls within one of the categories enumerated in Paragraph 1. This designation shall ordinarily be made before or at the same time as the production or disclosure of the document. Because documents

described in Paragraph 1 shall be covered by this Protective Order, there shall be no waiver of confidentiality if documents are inadvertently produced without being stamped "CONFIDENTIAL". Documents already produced in discovery may be designated as Confidential upon written notice within fourteen days of the entry of this Protective Order, from the party asserting the confidentiality designation to all counsel of record to whom such documents have been produced. The parties reserve the right to mark any document as "CONFIDENTIAL" if it is determined at a later date that the document should have been so designated.

3. **Treatment of Confidential Information.** Unless otherwise ordered by the Court, Confidential Information, and any resulting quotes, summaries, charts, or notes shall be held in confidence and used by the parties to whom the documents and information are produced only for this case. The parties agree to take reasonable steps to maintain the confidentiality of the documents, information, and testimony. During litigation, Confidential Information, including all copies, shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of, or disclosed to, any other person, except as authorized in this Protective Order, as otherwise agreed upon by the parties, or upon leave of the Court. The Court orders that persons to whom Confidential Information is disclosed are prohibited from exploiting in any way

these documents or this information for his, her, or its own benefit, or from using this information for any purpose, or in any manner, not connected with the prosecution or defense of this case. This agreement shall not be construed in a manner that waives or abrogates any party's ability to demand return of any privileged materials or items protected by the work-product doctrine.

4. "Disclosure". In this Protective Order, "disclosure" or to "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information.

5. Permissible Disclosure of Confidential Information. Except by order of this Court, or otherwise as required by law, documents marked "Confidential" (and any notes or documents that reflect or refer to these documents and this information) shall not be disclosed to any person other than:

    A. The parties;

    B. Counsel for a party, or counsel's employee, to whom it is necessary that the materials be shown or the information known for purposes of this case;

    C. Any employee or agent of a party to whom the confidential documents are shown for the purpose of working directly on or testifying in connection

with this litigation at the request of or at the direction of counsel;

D. A person retained to assist in this action, such as an investigator, independent accountant, or other technical expert or consultant, who has signed an acknowledgement (Exhibit A), which shall be kept by the retaining party;

E. This Court (or its employees or agents) pursuant to a court filing in connection with this action;

F. Any person(s) designated by the Court in the interest of justice;

G. Members of the jury at a public trial of this matter, subject to the requirements of Paragraph 11; or

H. A person who is deposed or who testifies at the hearing in this matter who has signed an acknowledgment (Exhibit A), which shall be kept by the compelling party.

6. **Deposition Transcripts.** Deposition testimony and deposition exhibits containing Confidential Information shall be covered by this Protective Order. During a deposition taken in this matter, any party may, on the record, designate as "CONFIDENTIAL" portions of the deposition testimony or deposition exhibits. Alternatively, a party may, by written notice to opposing counsel and the court reporter not later than fourteen business days after receipt of the deposition transcript, designate

as "CONFIDENTIAL" any portions of the deposition testimony or deposition exhibits. Until expiration of the above fourteen day period, all deposition transcripts will be treated as "Confidential Information" unless otherwise agreed to in writing by the parties.

7. Objections to Confidential Designation. If any party contests the confidential designation, then the party shall object in writing within fourteen days. If the parties are unable to reach an agreement regarding the designation, then the parties shall file a joint report pursuant to the Court's scheduling Order. The party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Until this Court enters an Order changing the designation of these documents or this information, they shall continue to be protected as provided by this Order. Should the Court rule in favor of the party objecting to the confidentiality designation, the party asserting the designation shall produce a clean copy of the document(s).

8. Disclosing Confidential Information. If any party wishes to disclose any Confidential Information beyond the terms of Paragraph 5 of this Order, that party shall provide all other parties with reasonable notice in writing of the request to disclose the materials, unless otherwise required by law. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then the

parties shall file a joint report pursuant to the Court's scheduling Order. The party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. This disputed Confidential Information shall remain confidential as stipulated by this Protective Order until this Court rules on the joint report.

**9. Pleadings and Other Court Submissions.** If a party intends to submit to the Court any document containing Confidential Information not relevant to the subject matter at issue and that can be redacted from the filing, then the party shall file the document with the Confidential Information redacted, so long as the party obtains prior written approval from the party that designated the information Confidential. If the parties are unable to reach an agreement about the redaction of Confidential Information contained in a document, motion, brief, or other paper to be filed as part of the public record, or if the Confidential Information is relevant to the subject matter at issue, then the entire document containing the Confidential Information may not be filed and the party seeking to file the document shall seek leave of the Court to file the entire document under seal. If the Court permits the filing of documents under seal, no party shall file with the Court any motion, brief, or other paper containing or otherwise exhibiting these documents or any portion thereof unless the confidential documents are filed in sealed envelopes or other appropriately sealed containers on which shall be

endorsed the caption in this action, the case number, the title of the motion, brief, or other paper to which the submitted Confidential Information pertains, an indication of the nature of the contents of such sealed container, the words "RESTRICTED DOCUMENT PURSUANT TO PROTECTIVE ORDER DATED _____," and a statement in substantially the following form:

> "This envelope contains documents that are filed in this case by [name of party]. It is not to be opened nor the contents thereof to be displayed or revealed except by Order of the Court or by stipulation of the parties."

If the Court permits a document to be filed under seal, then the party filing the document must also place a redacted copy of the confidential document in the public file. Any party or member of the public may challenge the filing of material under seal. In the event such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper.

    10. **Document Retention.** After the conclusion of this matter (including the expiration of all appeals), all originals and reproductions (including, but not limited to, electronically stored copies) of the confidential documents shall, upon written request of any party, be returned to the requesting party within thirty days of the request or be

destroyed. If destroyed, then counsel for the party destroying the documents shall certify in writing to the requesting party within thirty days that the destruction has taken place. This Order shall continue to be binding throughout and after the conclusion of this case, including all appeals, except as set forth in Paragraph 11. At the conclusion of all appeals, or when the time for all appeals has expired without an appeal having been taken, this Order shall remain in effect solely as a contract between the parties. No document marked as confidential shall be used by the opposing party in subsequent litigation.

11. **Admissibility.** Nothing in this Order shall be construed as limiting either party from producing or introducing any document into evidence at a public hearing. Subject to the Rules of Evidence, confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure of any Confidential Information. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

12. **Scope of Discovery.** Nothing in this Protective Order shall preclude

any party from opposing production of any documents or information, or from seeking further or different relief, should future pretrial activities indicate a need.

13. **Attorney/Client Communications.** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and further the interests of his or her client; provided, however, that the attorney shall not disclose any material designated for protection, where such disclosure would be contrary to the terms of this Protective Order.

14. **Court Authority.** Nothing in this Protective Order shall apply to, bind, or limit the Court or its employees in the performance of their duties. The Court shall retain final and complete authority to re-designate any document previously designated as "Confidential" as a public document.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

29 May 2015

APPROVED:

_[signature]_
David Slade, Esq. (Bar No.: 2013143)
Hank Bates, Esq. (Bar No.: 98063)
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
dslade@cbplaw.com
*Attorneys for Jordan and Crystal Wall*


_[signature]_
Judy Simmons Henry (84069)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Tel: 501-372-0808
Fax: 501-376-9442
jhenry@wlj.com
*Attorneys for Defendant*

# EXHIBIT A

Agreement Concerning Material Covered By a Protective Order entered by the United States District Court, Eastern District of Arkansas on _____, 2015.

The undersigned acknowledges that he or she has read the Protective Order entered in the United States District Court, Eastern District of Arkansas on _____, 2015, in *Jordan Wall and Crystal Wall v. Bank of America, N.A.*, Case No. 4:14-cv-00343-DPM; that he or she understands the terms; and that he or she agrees to be bound by the terms.

By: _____ [signature]

Printed Name: _____